# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KARRIS BILAL, | ) |
| Plaintiff, | ) )  ) |
| | ) No. 03 C 9253 |
| v. | ) |
| | ) Judge John W. Darrah |
| BP AMERICA INC. and JAMES DIETZ, | ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karris Bilal, filed suit against Defendants, BP America Inc. and James Dietz, alleging race discrimination and retaliation. On January 10, 2006, Defendants' Motion for Summary Judgment was granted. Presently before the Court is Defendants' Bill of Costs.

Costs may also be awarded to a prevailing party under Fed. R. Civ. P. 54(d). "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). Recoverable costs pursuant to Rule 54(d) are set forth in 28 U.S.C. § 1920 and include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

Plaintiff does not contest the costs sought; instead, he argues that costs should be denied because the case involved an alleged violation of his civil rights. However, the Title VII claims are not exempt from costs pursuant to Rule 54(d). *See Delta Airlines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982).

Defendants seek a total of $5,118.80 in deposition costs for multiple depositions.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4.

Defendants attach multiple invoices for the depositions. The invoices seek: 274 pages of deposition transcripts at the rate of $2.70 per page, 610 pages of deposition transcripts at the rate of $3.30 per page, and 188 pages of deposition transcripts at the rate of $4.40 per page.[1] The transcription costs of $2.70 and $3.30 are within the Judicial Conference established rate and are awarded. The transcription costs at the rate of $4.40 per page, presumably for expedited service, are not awarded at that rate because Defendants have failed to explain why expedited transcripts were necessary. Accordingly, those 188 pages of transcript are awarded at the Judicial Conference rate of $3.30 per page. Accordingly, Defendants are awarded $3,373.20 in deposition transcription costs.

---

[1] The invoice totaling $494.45 for deposition costs of James Dietz is not legible and does not indicate what costs are associated with the amount sought. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998); *Falcon v. City of Chicago*, 2000 WL 1231403 at * 2 (N.D.Ill. Aug. 28, 2000). Accordingly, these costs are not awarded.

2

Defendants seek a total of 26 hours of court reporter attendance fees at the rate of $38.00 per hour. The court reporter attendance fee of $38.00 is reasonable and is awarded. *See McDonald v. Village of Winnetka,* 2003 WL 1989656 (N.D. Ill. Apr. 30, 2003) (finding court reporter attendance fees of between $35 and $95 per hour as reasonable). The Defendants are awarded a total of $988.00 for court reporter attendance fees. Defendants also seek miscellaneous charges associated with the depositions, including delivery costs and copies of exhibits. Ordinary business expenses are not recoverable, and the number of copies and charge per copy are not indicated on the invoices. Accordingly, these costs are denied.

Defendants seek a total of $399.39 in witness fees for six witnesses. Plaintiff does not dispute these fees, and such fees are reasonable. Defendants are awarded $399.39 in witness fees.

Defendants seek a total of $379.80 in copying costs. The itemized list of costs identifies these costs as "Document Production" and "Pleadings" and then indicates the total number of pages for each of the two categories. The charge of each copy is $0.10. The itemized list does not describe what documents were copied. Based on the information provided, the Court is unable to determine if these materials were reasonably necessary. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman,* 991 F. Supp. 995, 997 (N.D. Ill. 1998); *Falcon v. City of Chicago,* 2000 WL 1231403 at * 2 (N.D.Ill. Aug. 28, 2000). Accordingly, these copy charges cannot be assessed against Plaintiff.

Lastly, Defendants seek a total of $525.00 on process server fees. Prevailing parties may recover service costs that do not exceed the Marshal Service's fees, regardless of who effected service. *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40

per hour for the first two hours and $20 for every hour thereafter. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002).

Defendants' service of process invoices each indicate a fee of $75.00 but do not indicate how long service took and the amount charged per hour for service. Accordingly, the Court cannot determine if the fees sought are reasonable, and it will award the minimum charged by the Marshal's Service, $40 per person served with a subpoena. *See Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 802 (N.D. Ill. 2001). Therefore, Defendants are awarded $280.00 for the cost of serving the seven subpoenas.

For the foregoing reasons, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded $5,040.59 in costs.

Dated: March 24, 2006

JOHN W. DARRAH
United States District Court Judge